UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON DENISE PRESTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-09482-MEMF-MBK<br><br>**ORDER DENYING MOTION TO REMAND [DKT. NO. 15]** |

Before the Court is a Motion to Remand filed by Plaintiff Sharon Denise Preston. Dkt. No. 15. For the reasons stated herein, the Court DENIES the Motion to Remand.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

I. **Background**

A. **Factual Background**[1]

Plaintiff Sharon Denise Preston is an individual residing in California. Dkt. No. 1-1 ¶ 2 ("Compl."). Defendant General Motors LLC is a Delaware Limited Liability Company. *Id.* ¶ 4.

Plaintiff purchased a 2024 Cadillac LYRIQ in July 2024. Compl. *Id.* ¶¶ 6, 9. Plaintiff received various warranties in connection with the purchase. *Id.* ¶ 11. The Cadillac LYRIQ experienced defects and nonconformities to the warranties. *Id.* ¶ 12. Plaintiff subsequently delivered the Cadillac LYRIQ to Defendant for repairs. *Id.* ¶ 13. Plaintiff asserts that Defendant failed to make the requisite repairs after a reasonable number of opportunities and failed to replace the Cadillac LYRIQ thereafter. *Id.* ¶¶ 14-15.

B. **Procedural History**

Plaintiff filed suit in Los Angeles County Superior Court on April 4, 2025. Dkt. No. 15 at 1. Plaintiff brings five causes of action: (1) violation of Section 1793.2(d) of the Song-Beverly Act; (2) violation of Section 1793.2(b) of the Song-Beverly Act; (3) violation of Section 1793.2(a)(3) of the Song-Beverly Act; (4) breach of implied warranty of merchantability in violation Civil Code section 1791.1 and 1794; and (5) violation of 15 U.S.C. §§ 2301-2312 of the Magnuson-Moss Warranty Act ("Magnuson-Moss"). *See id.*

Plaintiff served Defendant with process on April 11, 2025. *See* Dkt. No. 15-2 ("Yang Decl.") at 2. Defendant filed an Answer on July 1, 2025. *See* Dkt. No. 1-2. On August 23, 2025, Defendant produced an invoice reflecting the Cadillac LYRIQ Sales Agreement ("RISC"), listing the Manufacturer's Suggested Retail Price as $63,315. Yang Decl. at 3. On September 19, 2025, Defendant removed the action to this Court after conducting its own investigation as to the damages at stake. *See* Dkt. No. 1 at 2.

On October 17, 2025, Plaintiff filed the instant Motion to Remand. Dkt. No. 15 ("Motion"). Plaintiff also filed a supporting declaration. *See* Yang Decl. Defendant filed an Opposition to the

---

[1] Except as otherwise indicated, the following factual background is derived from Plaintiff's Complaint. Compl. The Court includes these allegations only as background and makes no finding on whether they are true.

Motion on November 3, 2025. Dkt. No. 16 ("Opposition"). Plaintiff filed a Reply in support of the Motion on November 7, 2025. Dkt. No. 17 ("Reply").

## II. Applicable Law

### A. Federal Court Jurisdiction

"Federal courts are courts of limited jurisdiction," and can only hear cases where there is a valid basis for federal jurisdiction. *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991). One possible basis for jurisdiction is federal question jurisdiction pursuant to 28 U.S.C. § 1331, which states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Another basis for jurisdiction is diversity jurisdiction. *See* 28 U.S.C. § 1332 ("Section 1332"). Diversity jurisdiction requires "requires complete diversity of citizenship and an amount in controversy greater than $75,000." *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020). While citizenship to a state is not necessarily tied to residence, a "party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Adams v. W, Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020).

When a plaintiff files an action in state court over which federal courts might have jurisdiction, the Defendant may remove the action to federal court. *See* 28 U.S.C. § 1446. "As specified in § 1446(a), a Defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). There are two different possible deadlines for a Defendant to remove, depending on the circumstances. *See* 28 U.S.C § 1446(b)(1); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692–93 (9th Cir. 2005). If the "case clearly is removable on the basis of jurisdictional facts apparent from the face of the complaint," then the Defendant must file a notice of removal within 30 days of service. *Harris*, 425 F.3d at 692. However, if "it is unclear from the complaint whether the case is removable," then the Defendant need not immediately remove, and instead must remove "within thirty days after the Defendant receives 'an amended pleading, motion, order or other paper'

from which it can be ascertained from the face of the document that removal is proper." *Id.* at 694 (citing 28 U.S.C § 1446(b)(1)). "Notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694.

"If the plaintiff subsequently challenges the removal, the burden is on the removing Defendant to prove that removal is proper." *See Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotk*a, 599 F.3d 1102, 1006–07 (9th Cir. 2010); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the Defendant always has the burden of establishing that removal is proper.").[2]

### B.  Magnuson-Moss

Magnuson-Moss, 15 U.S.C. §§ 2301 et seq., states "a consumer who is damaged by the failure of a supplier "a consumer who is damaged by the failure of a supplier [or] warrantor ... to comply with any obligation under this chapter [] or under a written warranty [or] implied warranty" to sue in United States district court. *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1037-38 (9th Cir. 2004). The amount in controversy ("AIC") must exceed $50,000, exclusive of interest and costs, and computed on the basis of all claims to be determined in the suit. 15 U.S.C. § 2310(d). Personal injury and punitive damages are precluded under the Act. *Id.*

The removing party bears the burden of showing, by a preponderance of the evidence, that the jurisdiction threshold is satisfied. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699–701 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404–05 (9th Cir. 1996)).

### III.  Discussion

Plaintiff bases the Motion on the following arguments: (1) Defendant's removal was untimely, (2) the AIC is ascertainable on the face of the complaint, and (3) Defendant has not met its burden to demonstrate the AIC is more than in $50,000. *See* Motion.

---

[2] Plaintiff asserts that the burden established in *Gaus* is a "heavy one," and there is a "strong presumption against removal jurisdiction." Motion at 3-4, 9. Although *Gaus* indicated a strong presumption, the requisite burden level, as established by Ninth Circuit decisions that followed, is a preponderance of the evidence. *Guglielmino*, 506 F.3d at 699–701; *Sanchez*, 102 F.3d at 404–05; Opposition at 1, 8-9. Plaintiff concedes to this burden in its briefs. Motion at 9. Thus, Defendant need only demonstrate "more likely than not" that subject matter jurisdiction exists.

### A. Plaintiff's Complaint, On Its Face, Did Not Trigger Section 1446.

Plaintiff's first and second arguments are related and pertain to Section 1446's thirty-day removal trigger. Under these arguments, the Court must consider the date of the removal action, and whether Plaintiff's initial complaint or a subsequent paper, on its face, made federal jurisdiction ascertainable to Defendant.

Plaintiff claims Defendant's removal was untimely, because it came more than thirty days after Plaintiff served Defendant with the Complaint. *See* Motion at 1-2, 5. This argument hinges on the notion that Plaintiff's Complaint made apparent that the action was removable, and so Defendant was obligated to remove the action within thirty days. Defendant rebuts, detailing how Plaintiff's Complaint fails to provide sufficient information for assessing Plaintiff's citizenship[3] and a determinative measure of actual damages, civil penalties, and attorney's fees from which Section 1446 would be triggered. Opposition at 12-15. The Court finds that the Complaint did not, on its face, show that more than $50,000 was at stake in the action to remove under Magnuson Moss or $75,000 under diversity jurisdiction. Accordingly, Defendant was not obligated to remove within thirty days of service.

Plaintiff concedes that the "complaint does not allege a specific dollar amount in controversy," but asserts that "it is impossible to believe that Defendant could not ascertain the [AIC] exceeded $50,000 based on the face of the complaint." Motion at 6; *see Harris*, 425 F.3d at 692. Because the complaint sought "restitution for the purchase of the vehicle," "incidental and consequential damages," "civil penalties of two times the actual damages," and "attorneys' fees," Plaintiff reasons that the complaint sufficiently established the requisite AICs to Defendant, thereby triggering Section 1446's thirty-day removal window. Motion at 6.

---

[3] Here, there is no evidence that Plaintiff resides in California—her address is redacted in the RISC. Dkt. No. 15-2. And although the presumption that they intend to remain in the state is rebuttable, Plaintiff does not argue she is domiciled elsewhere. *See Adams*, 958 F.3d at 1221 (explaining that citizenship is determined by state of domicile, which is determined by where a person resides "with the intention to remain"). Defendant does not contest Plaintiff's place of domicile. Because Defendant is domiciled in Delaware, the Court finds diversity of citizenship.

1 As Plaintiff filed the complaint on April 4, 2025, and Defendant did not remove the action until September 19, 2025—80 days after the thirty-day removal deadline[4]—Plaintiff contends that Defendant's removal is untimely and warrants remand. Motion at 1-2, 5.

For the removal deadline to be thirty days from service, the action must "*clearly* [be] removable on the basis of jurisdictional facts[5] *apparent from the face of the complaint.*" *Harris*, 425 F.3d at 692–93 (emphasis added). The removability must be clear from the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694. In other words, even if the Defendant has access to information that might show a case is removable, or could uncover such information through an investigation, the Defendant is not obligated to remove within thirty days of service unless the ground for removal is obvious on the face of the complaint. *See id.* at 695-96 (even when the Defendant's files contained the citizenship of relevant parties and showed complete diversity, the Defendant was not obligated to remove within thirty days if the complaint did not affirmatively allege complete diversity).

Here, the Complaint did not state how much money was at stake. *See* Compl. Plaintiff alleged that they purchased a Cadillac LYRIQ, and that they sought actual damages and penalties of two times actual damages. *See* Compl. at Prayer for Relief. Nowhere does the Complaint state the purchase price or what actual damages were. *See* Compl. The Complaint did not make clear on its face that the amount in controversy was over $75,000. Accordingly, Defendant was not obligated to remove within thirty days of service. *See Harris*, 425 F.3d at 692–93.

Further, Plaintiff's reliance on *Dart Cherokee Basin Operating Co., LLC v. Owens* is misplaced. Plaintiff cites to *Dart* to demonstrate that Defendant had sufficient information to present

---

[4] Plaintiff contends the removal action was filed 130 days after the deadline. This is based on Plaintiff's inaccurate assertion that Defendant's Answer was filed on May 12, 2025. Yang Decl. at 3. Defendant's Answer was filed on July 1, 2025. Dkt. No. 1-2.

[5] The "jurisdictional facts" at issue in *Harris* were whether the parties had "complete diversity of citizenship." *See Harris*, 425 F.3d at 692–93. This is on point with the jurisdictional fact at issue here. The Ninth Circuit has clarified that the "explicit standard"—that the ground for removal must be "unequivocally clear and certain"—applies to all possible grounds for removal. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021) (extending *Harris*'s rule to removal based on the "federal officer removal statute, 28 U.S.C. § 1442"). The fact that complete diversity and the amount in controversy is over $75,000 must be clearly apparent from the face of the complaint to trigger the 30-day timeline for removal from the time of service. *See Harris*, 425 F.3d at 692–93.

a "mere plausible allegation" that diversity jurisdiction was met because Defendant is sophisticated and has knowledge of the automotive industry, which presumably would allow Defendant to determine that a Cadillac LYRIQ sold in 2024 cost far more than $35,000, especially considering Defendant had access to the MSRP value.[6] Motion at 7-8. This is very likely true, but it is irrelevant.

The issue here is not whether Defendant *could* have removed, but rather whether Defendant *were obligated* to remove within thirty days of service. *Dart* does not address this question at all, and *Harris* covers it in detail. *See generally Dart*, 574 U.S. 81; *Harris*, 425 F.3d 689. As *Harris* makes clear and as discussed in Defendant's Opposition, Defendant's subjective knowledge is not part of the inquiry. *See Harris*, 425 F.3d at 694 ("notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry"); Opposition at 9. Nor did Defendant have any duty to investigate. *See id.* The fact that the Complaint included the make, model, year, and VIN is similarly not dispositive, as this information would have required further investigation to uncover a purchase price. *See* Motion at 7. To trigger a thirty-day deadline, the Complaint needed to show on its face that $75,000 was at stake. It did not do so. For the reasons discussed above, the Court finds that *Harris* rather than *Dart* controls here.

The Court finds that Defendant has met its burden of showing removal was proper. The Complaint did not make clear on its face that more than $75,000 was at stake, and no other pleading or paper made this clear until Defendant received the conducted its own investigation and reviewed the RISC, which contained the purchase price. Regardless of whether Defendant could have properly removed prior to receiving the RISC, Defendant was not obligated to do so until thirty days after Defendant received the RISC, which was an "other paper" from the face of which Defendant could ascertain that removal was proper. *See* 28 U.S.C § 1446(b)(1)

### B. Defendant Satisfied Its Burden of Establishing the Requisite Amount in Controversy Under the Song-Beverly Act and Magnuson-Moss.

---

[6] On the Complaint's caption page and Civil Case Cover Sheet, Plaintiff indicated the action was brought under the state court's unlimited jurisdiction, seeking damages of at least $35,000. When considering the civil penalties of two times and attorney's fees, $35,000 purchase price would put $105,000 at stake. Motion at 8.

1  Plaintiff's third argument is that Defendant failed to meet its "heavy burden" of establishing
2  that the AIC exceeds $50,000 for federal question jurisdiction and exceeds $75,000 for diversity
3  jurisdiction. Motion at 9. This argument depends on the evidence set forth by Defendant, and
4  whether that evidence demonstrates, by a preponderance of the evidence, that the AIC is beyond
5  each jurisdictional threshold. Having found the Defendant's proffered evidence is sufficient to
6  establish an AIC over $75,000, the Court finds that Defendant met the jurisdictional threshold under
7  Magnuson-Moss and diversity jurisdiction. For this reason, the Court will deny the Motion on this
8  ground.

9  Plaintiff claims that Defendant did not point to evidence in the complaint or produced
10 evidence showing that Plaintiff's actual damages and civil penalties exceeded $50,000, let alone
11 $75,000. Motion at 9-10. Not only is this contrary to Plaintiff's prior assertions that Defendant had
12 "more than sufficient information to plausibly determine" the AIC exceeded $75,000, Motion at 7, it
13 ignores the clear evidence provided by Defendant. Plaintiff further explains that Defendant's
14 attorneys' fees estimate is based solely on "self-serving, subjective assertions," which are
15 insufficient to satisfy a preponderance of the evidence burden. Motion at 10.

16 In its Opposition, Defendant thoroughly guides the Court through its damage calculations.
17 From Defendant's records, the Cadillac LYRIQ's defects were first presented to Defendant on
18 August 21, 2024. Dkt. Nos. 16-1 at 1, 16-2 (RISC). At that time, the Cadillac LYRIQ had 1,705
19 miles on the odometer. *Id.* Accounting for the offsets, including mileage,[7] the Cadillac LYRIQ was
20 valued at $25,674.37. *Id.* Taking the Cadillac LYRIQ's value, adding civil penalties up to two times
21 the actual damages, and adding attorney's fees based on Plaintiff's counsel's indicated rate and
22 incurred fees, the AIC could reasonably be $92,023.11.[8] *Id.*; Opposition at 19.

23 In Reply, Plaintiff reasserts that Defendant's calculated value of the Cadillac LYRIQ and
24 attorney's fees are "fatally speculative" and is not supported by "competent evidence." Reply at 1-2.

---

[7] In Plaintiff's Motion, Plaintiff asserts that Defendant failed to include a mileage offset. Motion at 10; Reply at 5.

[8] The value of the Cadillac LYRIQ is $25,674.37. For civil penalties up to two times, the Court multiplies the value by two, which totals $51,348.74. Adding the value and civil penalties totals $77,023.11. Adding attorney's fees of $15,000 results in the total AIC as $92,023.11. The Court notes that Plaintiff's dispute the asserted attorney's fees amount. Even if the Court finds the attorney's fees amount to be $0, the AIC is well beyond $75,000.

Plaintiff also takes issue with Defendant's civil penalties calculation, stating that Defendant merely "assume" a two time civil penalty will apply and providing nonbinding case discussing how district courts shall consider the "specific facts of the case" when estimating a potential civil penalty. Motion at 10; Reply at 5-7.

As to the Cadillac LYRIQ's value, or actual damages, the RISC clearly sets forth a baseline from which actual damages can be calculated. Dkt. No. 16-2 (RISC). Defendant provided detailed calculations as to the relevant offsets in its Opposition. With regard to civil penalties, California Civil Code Section 1794(c) states "a civil penalty . . . two times the amount of actual damages" is permitted "if the buyer establishes that the failure to comply was *willful*." (Emphasis added). Paragraph 24 of Plaintiff's complaint includes facts specific to the case from which the Court can conclude that there is a likelihood of maximum civil penalties at issue. Paragraph 17 states:

> Defendant's failure to comply with its obligations under Civil Code section 1793.2(b) was willful, in that Defendant and its representatives knew of their legal obligations and intentionally declined to follow them. Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c).

Compl. ¶ 17. Lastly, the attorney's fees calculations are based solely Plaintiff's counsel's rates—facts specific to this case—and a reasonable estimate of the work expected. Taken together, Defendant presented detailed calculations of the AIC, which the Court finds more likely than not, exceeds $75,000. Therefore, Defendant established the jurisdictional threshold under Magnuson-Moss and diversity jurisdiction.

Accordingly, Defendant's removal was timely, and Defendant has demonstrated an AIC sufficient for the Court to exercise jurisdiction over Plaintiff's claims.

//
//
//
//
//

### IV. Conclusion

For the reasons stated herein, Plaintiff's Motion is DENIED.

IT IS SO ORDERED.

Dated: December 4, 2025

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge